# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

In Re:

)
JASON FARR,                          )       CASE NO. 25-41083
Debtor.                              )       CHAPTER 7
                                     )

---

                                     )
AMY MARIE FARR,                      )
Plaintiff,                           )       ADVERSARY PROCEEDING
                                     )
V.                                   )
                                     )
JASON FARR,                          )
Defendant.                           )

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF DEBT

Comes now Plaintiff, **AMY MARIE FARR** (hereinafter referred to as Plaintiff), in the above-styled bankruptcy case, by and through her attorney, and hereby requests that this Court determine that the debts and obligations due Plaintiff by Defendant, **JASON FARR** (hereinafter referred to as Defendant), are based upon 11 U.S.C. §523(a)(15) and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action under 11 U.S.C. §523(a)(15) and Rules 4007(b) and 7001(f) of the Federal Rules of Bankruptcy Procedure.

2. The Court has jurisdiction under 28 U.S.C. §§157 and 1334.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

4. Venue is proper under 28 U.S.C. §1409(a).

## II. PARTIES

5. Plaintiff is an individual and former spouse of Defendant.

6. Defendant is the debtor in the above-captioned case.

## III. FACTS

7. Plaintiff and Defendant were formerly married and parties to a divorce proceeding in the State of Alabama in the Circuit Court of Calhoun County in **Case No. DR-2029-900566.**

8. Pursuant to the Final Judgment of Divorce (the "Divorce Decree") entered on or about November 4, 2019, Defendant, **JASON FARR**, was ordered to assume and pay the loan obligation associated with a recreational vehicle ("RV"), which had been titled and financed in Plaintiff's name.

9. The Divorce Decree further required Defendant, **JASON FARR**, to refinance or otherwise transfer the RV and the associated loan obligation into his own name, and to hold Plaintiff harmless from any liability on the RV loan.

10. Defendant failed to refinance or assume the RV loan as required.

11. Defendant also failed to make payments on the RV loan, causing it to go into default.

12. As a result, Plaintiff remained legally liable for the RV loan and suffered financial harm when the lender and its collection agency pursued her for the outstanding balance.

13. On December 7, 2023, the Circuit Court of Calhoun County, Alabama entered a **judgment** in favor of Plaintiff, **AMY MARIE FARR,** and against the Defendant, **JASON FARR,** in the total amount of $28,548.40, representing the balance and related damages arising from Defendant's failure to comply with the Divorce Decree.

14. **Said judgment was duly recorded in Calhoun County, Alabama, on April 17, 2024, Book 77, page 972.**

15. The judgment arises directly from obligations imposed in the Divorce Decree between former spouses.

## IV. CLAIM FOR RELIEF — §523(a)(15)

15. Plaintiff re-alleges paragraphs 1–13 as though fully set forth herein.

16. Under 11 U.S.C. §523(a)(15), a debt owed to a former spouse, incurred in the course of a divorce or separation or in connection with a divorce decree or court order, is not dischargeable.

17. The $28,548.40 judgment is a debt to a former spouse incurred in the course of divorce proceedings.

18. Therefore, it is non-dischargeable under §523(a)(15).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the debt owed by Defendant to Plaintiff in the amount of **$28,548.40**, plus interest, costs and associated attorney fees, is non-dischargeable under 11 U.S.C. §523(a)(15);

B. Grant such further relief as the Court deems just and proper.


Dated: December 2, 2025


/s/ Michael M. LaPlante
Michael LaPlante (LAP005)
LaPlante Faulkner Wilson Murphy & Clay, LLC
1207 Noble Street
Anniston, AL 36201
256-236-7354
Attorney for Plaintiff
Amy Marie Farr





ELECTRONICALLY FILED
12/7/2023 12:00 PM
11-DR-2019-900566.01
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

|                           |   |                                    |
|---------------------------|---|------------------------------------|
| FARR JASON,               | ) |                                    |
| Plaintiff,                | ) |                                    |
|                           | ) |                                    |
| V.                        | ) | Case No.:   DR-2019-900566.01      |
|                           | ) |                                    |
| FARR AMY MARIE,           | ) |                                    |
| Defendant.                | ) |                                    |

### JUDGMENT BY DEFAULT

This cause coming to be submitted upon the Defendant's Petition For Contempt and Rule NISI. The Plaintiff, Jason Earl Farr, having been duly served with the Summons and Petition for Contempt and Rule NISI, on September 29, 2023, but failing to answer said Petition within the time allowed by law and failing to appear at the scheduled court date/docket call, and an Application to the Clerk for Entry of Default with supporting Affidavit, Request for Appointment of Commissioner, the November 1, 2023, Clerk's Entry of Default and the Deposition of Defendant having been presented to the Court, and said documents having been reviewed by the Court, the Court is now of the opinion that a Judgment by Default should be entered for the Defendant, AMY MARIE FARR, and against the Plaintiff, JASON EARL FARR. The Court also makes the following findings of fact, to wit:

1. The Court has jurisdiction over the Parties in this matter.

2. That June 24, 2019, the Parties executed documents for the purpose of an uncontested divorce, which included a "Settlement Agreement." The Parties agreed in Paragraph 15, [Personal Property] of the Settlement Agreement that the Plaintiff would be awarded various vehicles, which included a 2016 Starcraft RV, and that Defendant would be divested of any and in said "RV."

3. Paragraph 15 goes on to require the Plaintiff to refinance any loan on any vehicles he was awarded, and further to indemnify and hold the Defendant harmless for any indebtedness or encumbrance for any of the vehicles listed.

4. Prior to Defendant's marriage to the Plaintiff, she obtained a loan and purchased the 2016 Starcraft RV referred to in Paragraph 15 of the Settlement Agreement, more specifically as a 2016 Jayco travel trailer, Model Number

289BHS, VIN 1SABS0BP9G2815061, which is commonly referred to as a Starcraft.

5. On or about July 5 and 11, 2019, Plaintiff's counsel filed documents with the Court for an uncontested divorce.

6. On August 27, 2019, this Court entered an Order that pretermitted ruling on said divorce because the documents submitted by Plaintiff's attorney failed to comply with Rule 32 of the ARJA.

7. On September 3, 2019, DHR filed a Motion to Intervene on behalf of the Defendant in order to resolve the child support issue raised. Said motion was granted

8. On September 12, 2019, DHR filed a motion to "Set Aside Paragraphs 9 and 10 in the Parties June 24, 2019, Settlement Agreement. The Court granted this motion.

9. On October 31, 2019, the Parties executed an "Amended Settlement Agreement." As testified to by the Defendant, the Amended Agreement was only to address the child support issue raised by the Court on August 27, 2019.

10. Contrary to this belief, the Amended Settlement Agreement omitted any reference to the 2016 Starcraft RV.

11. On November 3, 2019, Plaintiff's attorney filed a "Motion For Entry of Final Order" and specifically represented to the Court that the deficiencies set out in the Court's August 27, 2019, order, i.e., child support, were resolved in the amended agreement.

12. Given this Court's August 27th Order, DHR's involvement to resolve the child support issue and Plaintiff's Counsel's representation to this Court that only issue and change to the Parties' original agreement was resolved, the Court believes that the Defendant had no reason to doubt or question the remaining disposition of personal property items originally agreed upon.

13. On November 4, 2019, the Court entered a Judgment of Divorce.

14. After the Judgment of Divorce was entered, the Plaintiff left the State of Alabama with the Starcraft RV referred to herein-above.

15. It is undisputed that the Plaintiff never made any monthly payments on the Starcraft RV.

16. The Court also finds that the Plaintiff had the title to said RV changed in the State of Idaho and listed himself as 'Owner 1."

17. The Court finds that the Plaintiff never refinanced the outstanding loan on the Starcraft RV because the lien holder, Bank of the West, filed suit against Defendant on October 19, 2022, for the outstanding sums due on said RV. Said case being styled as Bank of the West v. Amy Marie Farr fka Amy Marie Hale, Calhoun County Circuit Court Case Number CV-2022-900487; said case being assigned to the Honorable Shannon Page, Calhoun County Circuit Judge.

18. On September 12, 2023, Judge Page held a summary judgment hearing at the request of Bank of the West. At the conclusion of said hearing, a judgment in the amount of $25,418.27, was entered against Defendant regarding the Starcraft RV.

19. The Court finds, based on the forgoing facts, that actions of the Plaintiff in this matter, were unconscionable, as said actions were clearly an attempt b Plaintiff to deceive the Court that the sole issue with the original settlement agreement, i.e., child support, were resolved and that judgment should thereby entered; notwithstanding the fact that the Plaintiff, or someone at Plaintiff's direction, conveniently removed the "2014 Starcraft RV" from the original settlement agreement. Plaintiff cannot claim he was unaware, because, he in fact kept this RV, moved it out of the State of Alabama and then had his name listed as "Owner 1" with the State of Idaho.

20. Finally, not only did Plaintiff abscond with this RV, he failed to pay for it or refinance it in his name. This is another key factor demonstrating Plaintiff's unconscionable behavior in this matter.

Pursuant to the findings of this Court, it is hereby ORDERED, ADJUDGED and DECREED as follows:

A. Judgment is entered in the amount of Twenty Five Thousand Four Hundred Eighteen Dollars and Twenty-Seven Cents ($25,418.27) for and in favor of the Defendant, Amy Marie Farr, and against the Plaintiff, Jason Earl Farr, for which execution may be had.

B. Judgment is entered in the amount of Two Hundred Fourteen Dollars ($214.00), which is pre-judgment interest on the Twenty Five Thousand Four Hundred Eighteen Dollars and Twenty-Seven Cents ($25,418.27) judgment, for and in favor of the Defendant, Amy Marie Farr, and against the Plaintiff, Jason Earl Farr, for which execution may be had.

C. Judgment is entered in the amount of Two Thousand Five Hundred Dollars ($2,500.00), which is the attorney's fees incurred by the Defendant in this matter, said judgment for and in favor of the Defendant, Amy Marie Farr, and against the Plaintiff, Jason Earl Farr, for which execution may be had.

D. Judgment is entered in the amount of Four Hundred Sixteen Dollars and Thirteen Cents ($416.13), which are the court costs incurred by the Defendant in this matter, said judgment for and in favor of the Defendant, Amy Marie Farr, and against the Plaintiff, Jason Earl Farr, for which execution may be had.

E. The Defendant's request to hold the Plaintiff in civil and/or criminal contempt for failing to pay the monies due on the Starcraft RV, and/or absconding with said RV, is GRANTED, as the Court finds the Plaintiff GUILTY of this claim. The Court hereby sentences the Plaintiff to the Calhoun County jail for Five (5) days. The Plaintiff can purge himself of contempt by paying Twenty Five Thousand Four Hundred Eighteen Dollars and Twenty-Seven Cents ($25,418.27) and theTwo Hundred Fourteen Dollars ($214.00) pre-judgment interest to the Defendant.

F. Any relief not granted herein is deemed denied.

G. All provisions of prior Orders entered by the Court which were not specifically amended herein shall remain in full force and effect.

H. Court costs are taxed to the Petitioner, the same having been prepaid.

I. The Clerk is directed to forward a copy of this Order to the parties and/or their attorneys of record.

**DONE this 7th day of December, 2023.**

/s/ **PEGGY P LACHER**
**CIRCUIT JUDGE**

AVSO312

ALABAMA JUDICIAL DATA CENTER
CALHOUN COUNTY
CERTIFICATE OF JUDGMENT



PEGGY LACHER

DR 2019 900566.01

------------------------------------------------------------------------

IN THE CIRCUIT ᐸ COURT OF   CALHOUN        COUNTY

JASON FARR V. AMY MARIE FARR

PLAINTIFF                                    PARTY`S ATTORNEY:

FARR JASON                          *** PRO SE ***
11729 COPERNICUS AVE

BAKERSFIELD    ,CA  93311-0000

I, KIM MCCARSON              , CLERK OF THE ABOVE NAMED COURT HEREBY
CERTIFY THAT ON 12/07/2023 DEFENDANT,      FARR AMY MARIE        RECOVERED
OF PLAINTIFF IN SAID COURT A JUDGMENT  WITHOUT WAIVER OF EXEMPTIONS FOR THE
SUM OF    $28,548.40 DOLLARS PLUS          $.00 DOLLARS COURT COSTS, AND
THAT THE DEFENDANT'S     ATTORNEY(S) OF RECORD WAS:
QUINLAN SHAUN LEIGH

GIVEN UNDER MY HAND THIS DATE 04/17/2024

CLERK:KIM MCCARSON
25 WEST 11TH ST-STE 500
ANNISTON    AL   36201
(256)231-1740.

OPERATOR: TAH
PREPARED: 04/17/2024

------------------------------------------------------------------------

JUDGE    77    972
Recorded In Above Book and Page
04/17/2024 11:09:14 AM
Alice K. Martin
Judge of Probate
Calhoun County, Alabama

Mental Health Fee       4.00
Recording Fee           9.00
TOTAL                  13.00

PLAINTIFF:

FARR JASON
11729 COPERNICUS AVE
BAKERSFIELD    ,CA  93311-0000

Fill in this information to identify the case:

Debtor 1 ___Jason Farr___

Debtor 2
(Spouse, if filing) _____

United States Bankruptcy Court for the: Northern District of Alabama

Case number ___25-41083___



EXHIBIT
3
tabbies

## Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Amy Marie Farr
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

LaPlante Faulkner Wilson Murphy & Clay LLC
Name

1207 Noble Street
Number        Street

Anniston          Al          36201
City              State       ZIP Code

Contact phone 256-236-7354

Contact email laplantebk@gmail.com

Where should payments to the creditor be sent? (if different)

Amy Marie Farr
Name

903 Maxana Drive
Number        Street

Anniston          Al          36206
City              State       ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   0   5   5   6

**7. How much is the claim?**

$ _____ 28,548.04 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Recorded Judicial Lien

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:   Recorded Judicial Lien

**Basis for perfection:**    Judgment debt arising from divorce decree obligation

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $ _____

Amount of the claim that is secured:    $ ____ 28,548.40

Amount of the claim that is unsecured:    $ _____ *(The sum of the secured and unsecured amounts should match the amount in line 7.)*

*plus interest, costs AND attorneys' fee as allowed by law*

Amount necessary to cure any default as of the date of the petition:    $ _____

Annual Interest Rate (when case was filed) _____ %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _11_/_10_/_2035_
                   MM / DD / YYYY

/s/Michael M. LaPlante
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Michael | M. | LaPlante |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney at Law |
|---|---|

| Company | LaPlante Faulkner Wilson Murphy & Clay, LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 1207 Noble Street |
|---|---|
| | Number       Street |

| | Anniston | Al | 36250 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | 256-236-7354 | Email | laplantebk@gmail.com |
|---|---|---|---|

Case 25-40015-JJR   Doc 1   Filed 12/02/25   Entered 12/02/25 11:53:35   Desc Main
Document     Page 11 of 11