IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JASON FARR | ) | CASE NO. 25-41083 |
| | ) | CHAPTER 7 |
|     Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| AMY MARIE FARR | ) | |
|     Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | |
| v. | ) | CASE NO. 25-40015 |
| | ) | |
| JASON FARR, | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, by and through the undersigned counsel of record, and files this his Opposition to Defendant's Motion to Dismiss and states as grounds as follows:

### I. INTRODUCTION

Defendant's Motion to Dismiss is premised on a fundamental misstatement of bankruptcy law. Defendant argues that Plaintiff's adversary proceeding under 11 U.S.C. § 523(a)(15) is untimely because it was not filed within the 60-day deadline set forth in Federal Rule of Bankruptcy Procedure 4007(c). That argument fails as a matter of law.

Rule 4007(c)'s deadline applies only to nondischargeability complaints governed by § 523(c), and specifically debts described in § 523(a)(2), (4), and (6).

A claim under § 523(a)(15) is not subject to § 523(c) and therefore is not subject to Rule 4007(c)'s deadline. Instead, Rule 4007(b) governs and expressly provides that such complaints "may be filed at any time."

Because Plaintiff's complaint seeks a determination of nondischargeability under § 523(a)(15), Defendant's motion should be denied.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, tests the legal sufficiency of the complaint. Dismissal is appropriate only where, accepting all factual allegations as true, the complaint fails to state a claim upon which relief can be granted.

Where dismissal is sought on timeliness grounds, the moving party bears the burden of showing that the applicable statute or rule bars the claim as a matter of law.

## III. ARGUMENT

A.     Rule 4007(c) Does Not Apply to § 523(a)(15) Claims

Rule 4007(c) states, in relevant part:

"A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

Section 523(c), in turn, applies only to debts described in § 523(c) and § 523(a)(2), (4), and (6). Congress did not include § 523(a)(15) within § 523(c).

Accordingly, courts have consistently held that the majority of § 523(a) claims are not subject to Rule 4007(c)'s 60-day deadline except, as specifically listed, claim filed under § 523(a)(2), (4), and (6).

Defendant's reliance on Rule 4007(c) is therefore legally incorrect.

B.     Rule 4007(b) Expressly Allows § 523(a)(15) Complaints to Be Filed "At Any Time"
Rule 4007(b) provides:

"A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule."

Courts routinely apply Rule 4007(b) to § 523(a)(15) actions and allow them to proceed even when filed well after the § 341 meeting.

Because § 523(a)(15) is excluded from § 523(c), Rule 4007(b) applies and imposes no deadline.

Thus, Plaintiff's adversary proceeding is timely as a matter of law.

C. Defendant's Cited Authority Is Inapplicable

The cases relied upon by Defendant, including In re Horn, Jr. and Whitehouse v. LaRoche, are misapplied.

Defendant relies on In re Horn, Jr, which states:

> (1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15) as the case may be.
> (In Re Horn, Jr., (Bankr.M.D. 5-13-2008), Adv Pro No.: 07-1146., BK Case No. 02-11347)

§ 523(c) has been amended and now reads:

> (1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.
> (11 U.S.C. § 523)

Horn applies statutory references to the Bankruptcy Code as it stood at the time Horn filed his petition for bankruptcy and cautions the reader that had this case been arisen in a bankruptcy proceeding filed on or after October 17, 2005, the result would be different. (see In re Horn, Footnote 2 and 6) Similarly, Whitehouse v. LaRoche, a 2001 case, expressly limits its holding to debts governed by § 523(c), which, like Horn, relies on the statute prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 which amended § 523(c) and therefore no longer controls the timing of § 523(a)(15) actions.

Defendant's motion improperly conflates non-dischargeability generally with § 523(c) governed non-dischargeability, a distinction explicitly recognized by the Bankruptcy Code and Rules.

D. Dismissal Would Contravene the Plain Language of the Bankruptcy Rules

When the text of a rule is clear, courts must enforce it as written. Rule 4007(b)'s language "may be filed at any time" is unambiguous.

Granting Defendant's motion would effectively rewrite Rule 4007(b) and expand Rule 4007(c) beyond its statutory scope, contrary to both Supreme Court precedent and basic principles of statutory interpretation.

## IV. CONCLUSION

Because Plaintiff's adversary proceeding seeks a determination of non-dischargeability under 11 U.S.C. § 523(a)(15), it is governed by Federal Rule of Bankruptcy Procedure 4007(b) and is not subject to any filing deadline. Defendant's Motion to Dismiss is therefore legally unsupported and should be denied in its entirety.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and grant such other and further relief as the Court deems just and proper.

By: /s/Michael M. LaPlante
Michael LaPlante
LaPlante Faulkner Wilson Murphy & Clay, LLC
1207 Noble Street
Anniston, Alabama 36201
(256)236-7354
Attorney for Plaintiff, Amy Marie Farr

## CERTIFICATE OF SERVICE

I hereby certify that I have on the 28th day of January, 2026, served a copy of the foregoing Motion and Exhibit filed in the above referenced case by via pacer on the following: Rocco Leo, Chapter 7 Trustee at RLEO@LEOANDONEAL.COM, and Attorney for the Defendant, Gregory S. Graham, at greg@grahamlegalservices.com; and by mailing the same via United States Postal Service, properly addressed to:

JASON FARR
976 WHITES GAP RD SE
JACKSONVILLE AL 36265

/s/Michael M. LaPlante
Attorney for Plaintiff